Krim Menelik BALLENTINE,
Petitioner,

v.

OFFICE OF PERSONNEL
MANAGEMENT,
Respondent.

No. 03–3021.

United States Court of Appeals,
Federal Circuit.

DECIDED: March 10, 2003.

Rehearing Denied April 11, 2003.

Before MICHEL, RADER, and SCHALL, Circuit Judges.

### DECISION

PER CURIAM.

Krim Menelik Ballentine petitions for review of the final decision of the Merit Systems Protection Board ("Board") that affirmed the calculation by the Office of Personnel Management ("OPM") of his retirement service credit under the Civil Service Retirement System ("CSRS"), 5 U.S.C. §§ 8331, *et seq. Ballentine v. Office of Pers. Mgmt.*, MSPB Docket No. NY–0831–01–0337–I–1, 93 M.S.P.R. 299, 2002 WL 31126648 (Sept. 26, 2002) (*"Ballentine"*). We *affirm*.

### DISCUSSION

#### I.

Mr. Ballentine retired from the United States Marshals Service ("Service") on April 21, 1984, based upon disability. On January 24, 1990, however, OPM terminated his disability retirement annuity. As a result, Mr. Ballentine sought reinstatement with the Service. After his requests for reinstatement were denied, he brought various legal actions against the Service, including a suit in the United States District Court for the Eastern District of Virginia. That suit was dismissed in October of 1995 after the parties entered into a settlement agreement.

The settlement agreement provided in pertinent part as follows:

1. The United States Marshals Service ("USMS") agrees to reinstate plaintiff on a Leave Without Pay status beginning September 22, 1991 until September 30, 1995. Plaintiff agrees to deposit seven and one-half percent (7½ %) of his GS–13 step 4 salary as employee retirement contributions, which are legally required to retire under law enforcement provisions. Plaintiff agrees to make such deposits as soon as possible but no later than forty eight months (48 months) from the date of execution of this agreement. Plaintiff's retirement benefits will be calculated according to his salary for three highest years of service. Plaintiff agrees to waive any entitlement he may have to life insurance benefits, health insurance benefits and leave benefits. Plaintiff further agrees to waive within-grade increases and law enforcement availability pay as provided by law.

By letter dated September 12, 1997, OPM advised the Office of the United States Attorney for the Eastern District of New York that, for CSRS purposes, in accordance with 5 U.S.C. § 8332(f), while he was in leave without pay status, Mr. Ballentine was credited with 6 months of service for each calendar year 1992 through 1995. The additional 24 months of service credited to Mr. Ballentine provided him with the necessary 20 years of law enforcement service to accord him the enhanced annuity computation formula that applies to law enforcement officers pursuant to 5 U.S.C. § 8339(d)(1).

Mr. Ballentine challenged OPM's calculation as being inconsistent with the terms of the settlement agreement. According to Mr. Ballentine, under the terms of the agreement, OPM was required to credit him with five years of service for the peri-

od from September 22, 1991, until September 30, 1995. In a letter to Mr. Ballentine dated December 21, 1999, which the Board treated as a reconsideration decision, OPM stated, as it had in a previous letter, that it had calculated his service credit in accordance with 5 U.S.C. § 8332(f).

Mr. Ballentine appealed OPM's decision to the Board. In an initial decision dated December 27, 2001, the administrative judge ("AJ") to whom the appeal was assigned sustained the decision. The AJ noted that the settlement agreement was silent with regard to the calculation of the service credit. Referring to the agreement, the AJ stated: "It only provides that the appellant would be reinstated with the Service on a leave without pay status from September 1991 until September 1995. It says nothing about the retirement service credit to which the appellant would be entitled for this period of service." *Ballentine,* slip op. at 4. Under these circumstances, the AJ concluded, the calculation of Mr. Ballentine's service credit was governed by 5 U.S.C. § 8332(f). The AJ further concluded that OPM had computed Mr. Ballentine's service credit correctly under that statute. *Id.* at 5. The AJ's initial decision became the final decision of the Board on September 26, 2002, when the Board denied Mr. Ballentine's petition for review.

## II.

Our scope of review in an appeal from a decision of the Board is limited. Specifically, we must affirm the Board's decision unless we find it to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or not supported by substantial evidence. 5 U.S.C. § 7703(c); *Kewley v. Dep't of Health & Human Servs.,* 153 F.3d 1357, 1361 (1998).

On appeal, Mr. Ballentine does not challenge the correctness of OPM's calculation of his service credit under 5 U.S.C. § 8332(f). Rather, as he did before the Board, he argues that OPM improperly "intervened" in the matter and "changed" the terms of the settlement agreement. We must reject Mr. Ballentine's argument. The Board did not err in interpreting the settlement agreement as not specifying the manner in which Mr. Ballentine's service credit would be calculated. Under these circumstances, the calculation was governed by statute, i.e., section 8332(f). As just noted, Mr. Ballentine has pointed to no error in OPM's calculation under the statute.

"[A] settlement agreement is a contract." *Link v. Dep't of Treasury,* 51 F.3d 1577, 1582 (Fed.Cir.1995). Like any contract, it is to be interpreted in accordance with its terms. *See Dalton v. Cessna Aircraft Co.,* 98 F.3d 1298, 1305 (Fed.Cir. 1996). We have reviewed the settlement agreement and agree with the Board that it is silent regarding the calculation of Mr. Ballentine's retirement service credit. The agreement did provide for Mr. Ballentine to be reinstated on leave without pay status for the period September 22, 1991 until September 20, 1995. Critically, however, the agreement did not provide that the period deemed to have been served was to be treated for purposes of the CSRS in any manner inconsistent with applicable statutes. Accordingly, OPM properly looked to 5 U.S.C. § 8332(f) in calculating Mr. Ballentine's retirement service credit. The statute provides as follows:

(f) Credit shall be allowed for leaves of absence without pay granted an employee while performing military service or while receiving benefits under subchap-

ter I of chapter 81 of this title. An employee or former employee who returns to duty after a period of separation is deemed, for the purpose of this subsection, to have been in a leave of absence without pay for that part of the period in which he was receiving benefits under subchapter I of chapter 81 of this title or any earlier statute on which such subchapter is based. Except for a substitute in the postal field service and service described in paragraph (14) of subsection (b) of this section, credit may not be allowed for so much of other leaves of absence without pay as exceeds 6 months in the aggregate in a calendar year.

5 U.S.C. § 8332(f).

Section 8332(f) states that, with the exception of employees on leave without pay for military service or in receipt of benefits under the Federal Employees Compensation Act, 5 U.S.C. § 8101 et seq., employees receive only six months of CSRS service credit for a period of leave without pay in any calendar year. OPM properly applied the statute by computing Mr. Ballentine's service credit by giving him six months service credit for each of the years 1992—1995. As noted above, Mr. Ballentine does not point to any error in the way in which OPM applied the statute.

For the foregoing reasons, the final decision of the Board is affirmed.